Gene P. Hamilton, *pro hac vice*
gene.hamilton@aflegal.org
Reed D. Rubinstein, *pro hac vice*
reed.rubinstein@aflegal.org
Nicholas R. Barry, *pro hac vice*
nick.barry@aflegal.org
Ian D. Prior, *pro hac vice*
ian.prior@aflegal.org
James K. Rogers, *pro hac vice**
james.rogers@aflegal.org
Emily C. Percival, *pro hac vice**
emily.percival@aflegal.org
Crystal C. Clanton, *pro hac vice*
crystal.clanton@aflegal.org

AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
Phone: (202) 964-3721

Jonathan F. Mitchell, *pro hac vice*
jonathan@mitchell.law

MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
Phone: (512) 686-3940

*Application pending

John W. Howard, SBN 80200
johnh@jwhowardattorneys.com
Scott J. Street, SBN 258962
sstreet@jwhowardattorneys.com
Peter C. Shelling, SBN 351159
pshelling@jwhowardattorneys.com

JW HOWARD / ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Phone: (619) 234-2842

Alex Kozinski, SBN 66473
alex@kozinski.com
33 Marguerite Drive
Rancho Palos Verdes, CA 90275
Phone: (310) 541-5885

*Attorneys for Plaintiff Nicholas Shirley*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| NICHOLAS SHIRLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT BONTA, in his official capacity as California Attorney General; and SHIRLEY N. WEBER, in her official capacity as California Secretary of State,<br><br>*Defendants.* | Case No. 2:26-cv-3000-DJC-AC<br><br>**DECLARATION OF PLAINTIFF NICHOLAS SHIRLEY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, Nicholas Shirley, declare as follows:

1. I am the Plaintiff in this action. I am over the age of 18 and competent to testify to the matters set forth herein. I make this declaration based on my personal knowledge. If called as a witness, I can and will competently testify to the following.

2. I am an investigative journalist and independent publisher. My reporting focuses on waste, fraud, and abuse in government programs, including programs that provide services to immigrants. I investigate matters of substantial public concern, including how government programs operate and how taxpayer dollars are spent.

3. I disseminate my reporting to a broad public audience. As of the date of this declaration, I have more than 6 million followers across my social-media platforms, including YouTube, X (formerly Twitter), Instagram, and TikTok.

4. I earn income from my reporting and rely on my journalistic work for my livelihood.

5. In 2025, I uncovered more than $100 million in alleged fraud involving Somali-run daycare centers in Minnesota. That investigation involved extensive on-the-ground reporting, review of public records, and interviews with witnesses and community members.

6. My reporting on fraud involving Minnesota daycare providers occurred in the weeks leading up to the Trump Administration's decision to protect the public fisc by withholding or freezing hundreds of millions of dollars in federal funding to Minnesota.

7. My reporting has preceded the closure or termination of several apparently fraudulent taxpayer-funded businesses and programs, including in California.

8. Earlier this year, I decided to investigate suspected fraud in California, focusing specifically on the State's sprawling network of nonprofits, healthcare facilities, and other entities that receive public funds under the banner of "immigration support."

9. On January 31, 2026, I announced my arrival in California by posting a photograph on my X account with the message: "Hello California I've arrived." *See* Ex. A

at 2.

10. On February 4, 2026, I posted the following message on my X account: "California fraud videos coming soon." *See* Ex. B at 2.

11. On February 16, 2026, I published a 23-minute video reporting on alleged fraud in California involving organizations that provide support to immigrants. That video has been widely viewed and discussed on multiple platforms. *See, e.g.*, Ex. C at 2.

12. California officials have publicly criticized my reporting and have directed hostile and disparaging messages toward me on social media in response to my reporting. *See, e.g.*, Ex. D at 2.

13. I have received death threats and other threats of violence in response to my work. I have also been doxxed and harassed because of my reporting.

14. I am aware that public officials have stated that California Assembly Bill 2624 ("AB 2624") was enacted, at least in part, to stop or restrict my reporting.

15. I plan to continue the investigative work and public reporting that precipitated the enactment of AB 2624.

16. I plan to investigate and publish information concerning individuals and organizations that likely fall within AB 2624's broad definitions of "[d]esignated immigration support services provider, employee, or volunteer," or "[d]esignated immigration support services facility." *See* Cal. Gov't Code § 6218.11(c)–(d).

17. My reporting will likely examine employees and volunteers, funding sources, government contracts, professional affiliations, and compliance with applicable laws and regulations.

18. My reporting will likely require me to record and publish truthful, lawfully obtained information about individuals associated with covered organizations and facilities—including information that falls within AB 2624's sweeping definition of "[p]ersonal information." *See* Cal. Gov't Code § 6218.11(h).

19. My reporting has not and will not involve speech that falls outside the protection of the First Amendment, including true threats, incitement, fighting words,

obscenity, defamation, fraud, or any other category of speech that is constitutionally unprotected. My reporting instead concerns matters of public concern and consists of constitutionally protected newsgathering, investigation, commentary, and dissemination of information.

20. My intended reporting addresses alleged fraud, how taxpayer funds are used by immigration-services organizations, whether organizations receiving public funds comply with the law, the political activities of those organizations and their personnel, and the intersection of immigration policy and government spending.

21. In conducting my investigations, I rely on public records, public statements, and on-camera interviews.

22. I do not use illegal methods to obtain information; my reporting is based on truthful, lawfully obtained information about matters of public concern.

23. I have never intended, and do not intend, for my reporting to incite anyone to cause imminent great bodily harm or to threaten anyone in a manner that would place them in objectively reasonable fear for their personal safety.

24. I have already identified individuals and organizations involved in matters covered by AB 2624 that I intend to continue investigating and reporting on. I have already published some of that reporting.

25. I cannot confidently determine what information AB 2624 prohibits me from publishing.

26. I cannot confidently determine whether publishing truthful and lawfully obtained information about the subjects of my investigations could expose me to civil or criminal liability under AB 2624. The statute's broad and ambiguous definitions leave me uncertain about whether my intended reporting would violate its terms.

27. I cannot confidently determine the meaning of "[d]esignated immigration support services," "[d]esignated immigration support services provider, employee, or volunteer," or "[d]esignated immigration support services facility." *See* Cal. Gov't Code § 6218.11(b)–(d).

28. I cannot confidently determine the meaning of "[p]ersonal information." *See* Cal. Gov't Code § 6218.11(h). The non-exhaustive nature of the items listed in the definition makes it impossible to discern what the definition encompasses.

29. I cannot confidently determine, for example, whether filming the exterior of a health clinic that serves a large immigrant population and posting the video with the clinic's name and the faces of people entering and leaving constitutes posting "personal information" of a covered "provider, employee, or volunteer." *See* Cal. Gov't Code § 6218.11(c), (h).

30. I cannot confidently determine what constitutes "[h]arassment" or "repeated, unreasonable, and unwelcome conduct" within the meaning of AB 2624. *See* Cal. Gov't Code § 6218.11(f).

31. I cannot confidently determine what it means to "'publicly post' or 'publicly display'" information within the meaning of AB 2624. *See* Cal. Gov't Code § 6218.11(i).

32. I cannot confidently determine whether sharing information with a source constitutes publicly posting or publicly displaying information within the meaning of AB 2624.

33. I cannot confidently determine what constitutes a "violation" of AB 2624. *See, e.g.*, Cal. Gov't Code §§ 6218.19(a)(1), (a)(2)(B).

34. I cannot confidently determine whether AB 2624 would expose me to liability for information I have already made public if I leave that information accessible in my library, share it, or otherwise amplify it.

35. I have already undertaken extensive investigative work on immigration-services organizations in California and have published some of my reporting. I have published videos, articles, and social-media posts containing information about individuals and organizations that may fall within the statute's definitions.

36. I have already published extensive content concerning matters now covered by AB 2624, including investigative journalism concerning immigration-services organizations, their employees, funding, and compliance with applicable law.

37. I intend to continue publishing content concerning matters covered by the statute both before and after October 1, 2027, when AB 2624 becomes operative.

38. I fear that AB 2624 will be aggressively enforced against me.

39. I fear civil suits and criminal prosecution based on content published before October 1, 2027.

40. I fear civil suits and criminal prosecution based on content I intend to publish after October 1, 2027.

41. I regularly repost older content and keep my library of published reporting available to the public through my social-media accounts and other online platforms.

42. I do not intend to remove or restrict the availability of any content that I have previously published.

43. If a program participant demands that I remove my truthful reporting, I will refuse. I believe that the First Amendment protects my right to publish truthful, lawfully obtained information about matters of public concern. I do not intend to comply with demands that I suppress my journalism.

44. Knowing that my reporting may expose me to liability, I have become more cautious about what information I gather and how I report on individuals and organizations. Absent judicial relief, I anticipate having to further curtail or withhold otherwise newsworthy information even before AB 2624 takes effect.

45. I do not intend to abandon my reporting in California. But absent relief from AB 2624, I will limit the scope of my reporting and publish less than I otherwise would.

46. AB 2624 requires me to either abandon investigative journalism in California concerning matters of substantial public importance or continue reporting under the threat of civil and criminal sanctions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: September 30, 2026

Nicholas Shirley

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On October 1, 2026, I electronically filed **DECLARATION OF PLAINTIFF NICHOLAS SHIRLEY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** and served the documents using the Court's Electronic CM/ECF Service which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 1, 2026 at San Diego, California.

*/s/ Dayna Dang*
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com

# Exhibit A

X

← **Post**

**Nick shirley**
@nickshirleyy

Hello California I've arrived



4:03 PM · Jan 31, 2026 · **8.6M** Views

20K 23K 264K 2.4K

Nick Shirley (@NickShirleyy), X (Jan. 31, 2026, at 4:03 PM), https://perma.cc/BK6QDJMW.

# Exhibit B

**Nick shirley**
@nickshirleyy

Also I took this out for the interview on X but I just released new "Support Independent Journalism" hoodies and tees on my site @ shirleydefense.com

Go and get one to help support my work and let people know where you stand! California fraud videos coming soon 👀




9:06 PM · Feb 4, 2026 · **95.3K** Views

143 372 2.6K 45

Nick Shirley (@NickShirleyy), X (Feb. 4, 2026, at 9:06 PM), https://perma.cc/5KCG-AF3S.

# Exhibit C

Post

**Nick shirley**
@nickshirleyy

🚨 California is the breeding ground for voter fraud in America, as millions of people vote with no ID, month-long election processes, inaccurate voter rolls, dead people caught voting, even a dog successfully registered to vote, and voter verification is all based on your signature — not who you actually are.

In this video, I go to locations from California's public voter rolls from the Secretary of State, and not a single location could verify the voter rolls.
- Irregularities in voter numbers per location
- 30+ people registered to one mail store
- Voters inaccurately aged at 125 years old

Without any voter ID and negligence from the state government to update their voter rolls, California's one-party state has created a complex system where fraud is inevitable in their voting process. If you appreciate this video give it a like and share it around!




6:10 PM · Feb 16, 2026 · **22.5M** Views

Nick Shirley (@NickShirleyy), X (Feb. 16, 2026, at 6:10 PM), https://perma.cc/5JFR-VMQU.

# Exhibit D

X

← **Post**

**Governor Newsom Press Office**
@GovPressOffice

After hyping "massive fraud" for a month, Nick came up empty — so he posted a video about a Republican who committed voter fraud, got caught, and was prosecuted.

Slow Shirley is welcome to extend his visit and enroll in California's free community college. He clearly needs it.

> **Nick shirley** @nickshirleyy · Feb 16
> 🚨 California is the breeding ground for voter fraud in America, as millions of people vote with no ID, month-long election processes, inaccurate voter rolls, dead people caught voting, even a dog successfully registered to vote, and voter verification is all based on your Show more




9:19 PM · Feb 16, 2026 · **3.2M** Views

2.6K 3.1K 28K 793

Governor Newsom Press Office (@GovPressOffice), X (Feb. 16, 2026, at 9:19 PM), https://perma.cc/8355-R2H5.